**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| DIANNA MEECHAN,<br><br>Plaintiff(s),<br><br>v.<br><br>ELI LILLY AND COMPANY and LILLY USA, LLC,<br><br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-cv-8740 |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): __Dianna Meechan______________________________________________.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: ____________________________________________________________,
as _____________________________ of the estate of _____________________________, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): ___________________________________________________________________.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: __________________________________________________________________________.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

_____ Novo Nordisk Inc.

_____ Novo Nordisk A/S

__X__ Eli Lilly and Company

__X__ Lilly USA, LLC

_____ other(s) (identify): ______________________________________________

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

_Bowerston, Ohio_________________________________________________

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

_Ohio____________________________________________________________

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

_Ohio____________________________________________________________

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

_Bowerston, Ohio _________________________________________________

10. Jurisdiction is based on:

__x__ diversity of citizenship pursuant to 28 U.S.C. § 1332

_____ other (plead in sufficient detail as required by applicable rules):

______________________________________________________________

______________________________________________________________

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

_The United States District Court for the Southern District of Ohio __________

12. Venue is proper in the District Court identified in Paragraph 11 because:

__x__ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

______________________________________________________________________

______________________________________________________________________

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

______________________________________________________________________

**PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

_____ Ozempic (semaglutide)

_____ Wegovy (semaglutide)

_____ Rybelsus (oral semaglutide)

_____ Victoza (liraglutide)

_____ Saxenda (liraglutide)

_____ Trulicity (dulaglutide)

__X__ Mounjaro (tirzepatide)

_____ Zepbound (tirzepatide)

_____ Other(s) (specify): ________________________________________

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

_April 2023-October 2023________________________________________

________________________________________________________________

________________________________________________________________

________________________________________________________________

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

_____ Other gastro-intestinal injuries (specify) _abdominal pain

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

__X__ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) ______________________

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

_____ Additional/Other(s) (specify): ___________

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

December 2023_____________________________________________

_____________________________________________

_____________________________________________

_____________________________________________

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

__X__ Injury to self

____ Injury to person represented

__X_ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): ____________________________________________

**CAUSES OF ACTION**

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

_____ Count I: Failure to Warn – Negligence

_____ Count II: Failure to Warn – Strict Liability

_____ Count III: Breach of Express Warranty/Failure to Conform to Representations

_____ Count IV: Breach of Implied Warranty

_____ Count V: Fraudulent Concealment/Fraud by Omission

_____ Count VI: Fraudulent/Intentional Misrepresentation

_____ Count VII: Negligent Misrepresentation/Marketing

_____ Count VIII: Strict Product Liability Misrepresentation/Marketing

_____ Count IX: Innocent Misrepresentation/Marketing

_____ Count X: Unfair Trade Practices/Consumer Protection (see below)

__x__ Count XI: Negligence

__x__ Count XII: Negligent Undertaking

__x__ Count XIII: State Product Liability Act (see below)

_____ Count XIV: Wrongful Death

_____ Count XV: Loss of Consortium

_____ Count XVI: Survival Action

_____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

________________________________________________

________________________________________________

_________________________________________________________________

_________________________________________________________________

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

_________________________________________________________________

_________________________________________________________________

_________________________________________________________________

b. Identify the factual allegations supporting those claims (by subsection, if applicable):

_________________________________________________________________

_________________________________________________________________

_________________________________________________________________

** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

Ohio Rev. Code Ann. §§ 2307.71; 2307.72(A) & (B); 2307.73-79

b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

Counts I through IX

c. Identify the factual allegations supporting those claims:

Plaintiff incorporates by reference the following factual allegations in the Master Complaint as though fully set forth herein: ¶¶ 606-640 (negligent failure to warn); ¶¶ 641-674 (strict liability failure to warn); ¶¶ 675-698 (breach of express warranty); ¶¶ 699-720 (breach of implied warranty); ¶¶ 721-779 (fraudulent concealment/fraud by omission); ¶¶ 780-800 (fraudulent/intentional misrepresentation); ¶¶ 801-824 (negligent misrepresentation/marketing); ¶¶ 825-848 (strict product liability misrepresentation/marketing); and ¶ 849 (innocent misrepresentation and marketing). Plaintiff also alleges that Defendants knew or should have known of the unreasonable and increased risk of the injury(s) alleged herein and otherwise failed to warn Plaintiff and/or Plaintiff's healthcare providers.

Plaintiff alleges that Defendants fraudulently concealed and misrepresented the unreasonable and increased risk of the injury(s) alleged herein. Plaintiff alleges that Defendants directly and proximately caused Plaintiff's injury(s). Defendants designed, manufactured, and sold the Mounjaro at issue. When the Mounjaro left Defendant's control, it contained defects in design, formulation, and/or warnings that made it unreasonably dangerous for its intended use. Defendants failed to provide adequate warnings or instructions about known or reasonably knowable risks associated with the Mounjaro. Plaintiff took the Mounjaro as prescribed and in the intended manner. As a direct result of Mounjaro's defective condition and inadequate warnings, Plaintiff suffered serious injuries and damages, including small bowel obstruction. A safer alternative design and adequate warnings were feasible and would have prevented or reduced Plaintiff's harm.

** Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? ________. If so, attach such notice.

**RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

**JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: November 16, 2026

RESPECTFULLY SUBMITTED,

*/s/ Sarah S. Ruane*

Sarah S. Ruane (*Admitted Pro Hac Vice)*
WAGSTAFF & CARTMELL LLP
4740 Grand Ave., Ste 300
Kansas City, MO 64112
Tel: 816-701-1100
Fax: 816-531-2372
sruane@wcllp.com

**Attorneys for Plaintiff**